UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STREAMLIGHT, INC. :
30 Eagleville Road :
Eagleville, PA 19403 :
          Plaintiff, :
:
     v. : No. 12-cv-00489-AB
:
LASER DEFENSE MFG, LLC :
4220 Whitaker Avenue :
Philadelphia, PA 19124 :
:
JORDAN L. WOLDORF :
11 Osprey Lane :
Birdsboro, PA 19508 :
:
ERIE AUTO SALES, INC. :
4220 Whitaker Avenue :
Philadelphia, PA 19124 :
:
WHITAKER AUTO SALES, INC. :
4220 Whitaker Avenue :
Philadelphia, PA 19124 :
          Defendants. :

## AMENDED COMPLAINT

Plaintiff Streamlight, Inc. ("Streamlight"), by and through its attorneys RatnerPrestia for its Complaint against Defendants Laser Defense MFG, LLC ("LDM"), Jordan L. Woldorf ("Woldorf"), Erie Auto Sales, Inc. ("Erie"), and Whitaker Auto Sales, Inc. ("Whitaker"; collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for (i) patent infringement under 35 U.S.C. § 271 *et seq.*, (ii) federal trademark infringement under the Lanham Act 15 U.S.C. § 1051 *et seq.*, (iii) federal unfair competition under 15 U.S.C. § 1125 (a); (iv) trademark infringement under Pennsylvania common law; and (v) unfair competition under Pennsylvania common law.

2. Upon information and belief, Defendants have infringed:

a. at least one claim in each of the following U.S. Patents assigned to Streamlight: U.S. Patent No. 7,188,978 ("the '978 Patent"); U.S. Patent No. 7,614,760 ("the '760 Patent"); U.S. Patent No. D543,446 ("the '446 Patent"); and U.S. Patent No. D548,385 ("the '385 Patent") (collectively, the "Streamlight Patents");

b. each of the following Federal Trademark Registrations assigned to Streamlight and the common law rights in the associated trademarks: U.S. Trademark Reg. No. 3,341,585 for "TLR-1" ("the TLR-1 Mark"; U.S. Trademark Reg. No. 3,341,584 for "TLR-2" ("the TLR-2 Mark"); and U.S. Trademark Reg. No. 3,747,595 for "TLR-3" ("the TLR-3 Mark") (collectively, the "Streamlight Trademarks"); and

c. Streamlight's trade dress.

## THE PARTIES

3. Streamlight is a Delaware corporation having a principal place of business at 30 Eagleville Road, Eagleville, PA 19403.

4. Upon information and belief, Defendant LDM is an online business selling, *inter alia*, gun-mounted lights to residents of the United States, including Pennsylvania.

5. Upon information and belief, Defendant Woldorf is an individual residing at 11 Osprey Lane, Birdsboro, PA 19508.

6. Upon information and belief, Defendant Erie is a Pennsylvania corporation having a former principal place of business at 4220 Whitaker Avenue, Philadelphia, PA 19124 ("the Whitaker Avenue Address").

7. Upon information and belief, Defendant Whitaker is a Pennsylvania corporation having a current principal place of business at the Whitaker Avenue Address.

8. Upon information and belief, Defendants operate the website <www.laserdefensemfg.com> ("Defendants' Website"). Defendants' Website is registered to Defendant LDM, and lists Defendant LDM's address as the Whitaker Avenue Address.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121, in that this action arises under the patent laws and trademark laws of the United States, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district, and/or because Defendants have caused tortious injury to Plaintiffs in this judicial district and regularly do business in this judicial district.

11. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### Streamlight's Products

12. Streamlight has manufactured and sold portable lighting products since 1973.

13. Streamlight's products are sold in Pennsylvania, throughout the United States and throughout the world for a range of applications, including military, law enforcement, firefighting, safety, automotive, industrial, hunting, fishing and other outdoor applications.

14. Streamlight sells a wide range of portable lighting products including gun-mounted lights, flashlights, penlights, lanterns, and headlamps.

15. Streamlight is the assignee of the '978 Patent, issued on March 13, 2007 and entitled "Light Mountable On A Mounting Rail." A copy of this patent is attached as **Exhibit 1**.

16. Streamlight is the assignee of the '760 Patent, issued on November 10, 2009 and entitled "Mountable Light Providing Illumination and Optionally Aiming." A copy of this patent is attached as **Exhibit 2**.

17. Streamlight is the assignee of the '446 Patent, issued on May 29, 2007 and entitled "Head, For a Fastener or Actuator." A copy of this patent is attached as **Exhibit 3**.

18. Streamlight is the assignee of the '385 Patent, issued on August 7, 2007 and entitled "Mountable Light." A copy of this patent is attached as **Exhibit 4**.

19. Streamlight is the owner of the TLR-1 mark, registered on November 20, 2007, for International Class 11 covering gun mounted lights. A copy of this registration is attached as **Exhibit 5**.

20. Streamlight is the owner of the TLR-2 mark, registered on November 20, 2007, for International Class 11 covering gun mounted lights. A copy of this registration is attached as **Exhibit 6**.

21. Streamlight is the owner of the TLR-3 mark, registered on February 9, 2010, for International Class 11 covering gun mounted lights. A copy of this registration is attached as **Exhibit 7**.

22. Streamlight markets and sells at least one product, the **TLR-2®**, covered by and marked on the product and the product packaging with the patent numbers of the Streamlight Patents.

23. Streamlight markets and sells other products, including the **TLR-1®** and the **TLR-3®**, covered by and marked on the product and the product packaging with one or more patent numbers of the Streamlight Patents.

24. Streamlight's **TLR-1®** and **TLR-2®** gun mounted lights each include a distinctive and unique trade dress which identifies Streamlight as their source. This trade dress includes, by way of example, a ring around the bezel surrounding the light of each product. This trade dress further includes the silver color of that ring. This trade dress is inherently distinctive of Streamlight's gun mounted lights, and is unique and valuable to Streamlight.

### Defendants' Infringement

25. Upon information and belief, Defendants are in the business of importing, making, having made, selling, using, and/or distributing products that infringe the Streamlight Patents.

26. Upon information and belief, Defendants import, manufacture, sell, offer to sell, use, and/or distribute one or more tactical lights advertised under the name "TLG-2", as shown on Defendants' Website. A copy of Defendants' Website is attached as **Exhibit 8**.

27. Upon information and belief, Defendants import, manufacture, sell, offer to sell, use, and/or distribute one or more tactical lights advertised under the name "TLL-1", as shown on Defendants' Website. See **Exhibit 8**.

28. Defendants advertise that the TLG-2 and TLL-1 tactical lights can be mounted to the rail of a weapon, such as a handgun or a rifle, as shown on Defendants' Website. See **Exhibit 8**.

29. Upon information and belief, Defendants have sold or caused to be sold in the Eastern District of Pennsylvania the TLG-2 and TLL-1 tactical lights.

30. Upon information and belief, the TLG-2 and TLL-1 advertised and/or sold by Defendants include a silver ring on their bezel. This ring is confusingly similar, and in fact mimics, the ring that is a part of the trade dress of Streamlight's **TLR-1**® and **TLR-2**® gun mounted lights.

### Identity of Defendants

31. Defendant LDM indicates on Defendants' Website that its mailing address is the Whitaker Avenue Address. The registration information relating to Defendants' Website indicates that Defendant LDM's mailing address is the Whitaker Avenue Address. A copy of the registration information for Defendants' Website is attached as **Exhibit 9**.

32. On August 17, 2011, Plaintiff sent to Defendant LDM a cease and desist letter demanding, *inter alia*, that Defendant LDM cease all sale of the TLG-2 and TLL-1 tactical lights. This letter was sent to the Whitaker Avenue Address. A copy of the August 17, 2011 letter is attached as **Exhibit 10**.

33. Upon information and belief, at the time of the sending of the August 17, 2011 letter, Defendant Erie and/or Defendant Whitaker operated an automobile sales business at the Whitaker Avenue Address. The August 17, 2011 letter was received by Defendant LDM and/or Defendant Erie and/or Defendant Whitaker and/or Defendant Woldorf at the Whitaker Avenue Address.

34. After the August 17, 2011 letter was sent to the Whitaker Avenue Address, Defendants temporarily removed the pages advertising the TLG-2 and TLL-1 tactical lights from Defendants' Website.

35. Upon information and belief, Defendants modified Defendants' Website in response to the August 17, 2011 letter sent to the Whitaker Avenue Address.

36. On November 28, 2011, Defendant LDM renewed its registration of Defendants' Website. Defendant LDM's renewed website registration lists the Whitaker Avenue Address as Defendant LDM's mailing address. Upon information and belief, at this time, Defendant Whitaker's principal place of business was the Whitaker Avenue address.

37. Defendant LDM's renewed website registration lists a phone number of 215-739-6286. Defendant Whitaker lists this phone number as its fax number and upon information and belief, a fax machine is connected to this phone number. Upon information and belief, the phone number listed for Defendant LDM is owned and operated by Defendant Whitaker.

38. Upon information and belief, Defendant Woldorf is/was the president and/or owner of Defendant Erie.

39. Upon information and belief, Defendant Woldorf also operates a gun and firearm business in Birdsboro, Pennsylvania.

40. Upon information and belief, Defendant Erie and/or Defendant Whitaker are the same entity as Defendant LDM, and/or are under common ownership and/or control.

41. Upon information and belief, Defendant Woldorf is/was the president and/or owner of Defendant LDM.

42. Upon information and belief, Defendants have acted in concert in their operation of Defendants' website, and in their sale of infringing products via Defendants' website.

## COUNT 1
### (Patent Infringement)

43. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. Each of the Streamlight Patents is valid and enforceable.

45. Upon information and belief, Defendants have manufactured, offered to sell, sold, used, and distributed in the United States, weapon rail-mountable light products that fall

within the scope of at least one claim of each of the Streamlight Patents, in violation of 35 U.S.C. § 271, *et seq.*

46. Upon information and belief, the acts of infringement by Defendants described above have been and continue to be intentional and willful.

47. Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendants.

48. Defendants have caused irreparable damage to Streamlight by their acts of infringement as described above and will continue their acts of infringement unless preliminarily and permanently enjoined by this Court.

## COUNT II
### (Federal Trademark Infringement)

49. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

50. Defendants' acts, as alleged above, are without permission or authorization of Streamlight and are likely to cause confusion, mistake and/or deception, and constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114-1118.

51. Defendants have infringed the Streamlight Trademarks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of gun mounted lights bearing the TLL-1 and TLG-2 marks, which are confusingly similar to the Streamlight Trademarks used in association with gun mounted lights offered by Streamlight.

52. Defendants use the confusingly similar trademarks TLL-1 and TLG-2 with gun mounted lights that look like Streamlight's gun mounted lights.

53. Defendants have adopted, used, marketed and promoted their goods in bad faith with an attempt to trade on Streamlight's reputation and goodwill.

54. Defendants' infringement is knowing, deliberate and willful.

55. Defendants' infringement of the Streamlight Trademarks has caused actual confusion among consumers.

56. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use of the Streamlight Trademarks in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT III

### (Federal Unfair Competition/False Designation of Origin)

57. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58. Defendants' use in commerce of the Streamlight Trademarks and confusingly similar variations in advertising and promoting their products constitutes a false designation of origin and a false description, which falsely indicates that Defendants' products originated from or are affiliated with or are endorsed by Streamlight.

59. Defendants' use of the Streamlight Trademarks is likely to divert business from Streamlight to Defendants, causing damage to Streamlight's business representation, image, and goodwill.

60. Defendants' acts constitute unfair competition, false designation of origin and a violation of 15 U.S.C. §1125(a).

61. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined

and restrained by this Court from further use of Streamlight's trademarks in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT IV

### (Common Law Trademark Infringement)

62. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

63. Streamlight has used and is the owner of the Streamlight Trademarks in the State of Pennsylvania.

64. The use and advertising of the Streamlight Trademarks and confusingly similar variations by Defendants constitutes trademark infringement in violation of the common law of Pennsylvania and causes a likelihood of confusion, deception, and mistake.

65. Defendants have adopted, used, marked, and promoted their goods in bad faith with an attempt to trade on Streamlight's reputation and goodwill.

66. Defendants' infringement is knowing, deliberate and willful.

67. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use of Streamlight's trademarks in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT V

### (Common Law Unfair Competition)

68. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 67 of this Complaint, as if fully set forth herein.

69. Defendants' use of the Streamlight Trademarks is likely to divert business from Streamlight to Defendants, causing damage to Streamlight's business representation, image, and goodwill.

70. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use of Streamlight's trademarks in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT VI

### (Trade Dress Infringement)

71. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

72. Streamlight's trade dress, embodied in the **TLR-1®** and **TLR-2®** gun mounted lights, is inherently distinctive in overall design and layout, and is non-functional.

73. The use of Streamlight's trade dress and confusingly similar variations by Defendants on Defendants' products and Website induces consumers to believe, contrary to fact, that the goods and services sold by Defendants are manufactured, provided, sponsored, or otherwise approved by, or connected with Streamlight.

74. The use of Streamlight's trade dress and confusingly similar variations on Defendants' products and Website is likely to cause confusion, mistake, or deception among customers, or prospective purchasers regarding Streamlight's trade dress and/or Streamlight's association with the goods provided by Defendants.

75. Streamlight's trade dress, as embodied in the **TLR-1®**, **TLR-2®**, and **TLR-3®** gun mounted lights, has become known by the public as indicative of the goods and services provided by Streamlight, and has acquired valuable goodwill belonging to Streamlight.

76. By its conduct, Defendants have infringed and continue to infringe Streamlight's trade dress.

77. Upon information and belief, Defendants' actions have been intentional, willful and deliberate.

78. By reason of Defendants' actions, Streamlight has been substantially and irreparably harmed by Defendants' conduct, and will continue to be substantially and irreparably harmed unless Defendants are enjoined from infringing Streamlight's trade dress.

## PRAYER FOR RELIEF

In view of the foregoing, Streamlight asks that this Court grant relief as follows:

A. For judgment that the Streamlight Patents have been infringed by Defendants under 35 U.S.C. § 271, and that such infringement was willful;

B. For judgment that Streamlight's federally registered trademarks have been infringed by Defendants under 15 U.S.C. § 1114;

C. For judgment that Defendants have committed acts of unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and or acts of unfair competition under Pennsylvania common law;

D. For judgment that the Streamlight Trademarks have been infringed under Pennsylvania common law;

E. For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be preliminarily and permanently enjoined from infringing the Streamlight Patents;

F. For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be

permanently enjoined from use of any confusingly similar designation as a trademark, trade dress, service mark, or otherwise to market, advertise, or identify Defendants or its goods and services;

G. For an accounting of Defendants' profits and an assessment of Streamlight's damages to compensate Streamlight for Defendants' infringement of the Streamlight Patents;

H. For an award of the amount by which Defendants have been unjustly enriched by confused consumers who have purchased Defendants' products under the belief that they were purchasing Streamlight's;

I. For an assessment of treble damages against Defendants due to the deliberate, willful and knowing nature of its infringement of the Streamlight Patents under 35 U.S.C. § 284 and of the Streamlight Trademarks under 15 U.S.C. § 1117(b);

J. For an award to Streamlight of its reasonable attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117;

K. For an award to Streamlight of its costs in this action plus interest on all monetary damages awarded; and

L. For such other and further relief as this Court deems just and fair.

## DEMAND FOR JURY TRIAL

Streamlight hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted,

Dated: 3/27/12

*/s/ Benjamin E. Leace*
Benjamin E. Leace (Pa. No. 54281)
Andrew J. Koopman (Pa. No. 210026)
RatnerPrestia
1235 Westlakes Drive
Suite 301
Berwyn, PA 19312
(610) 407-0700
(610) 407-0701
bleace@ratnerprestia.com
akoopman@ratnerprestia.com

ATTORNEYS FOR PLAINTIFF,
Streamlight, Inc.

1397815